58 CCPA

**Application of Grant T. FACER.**

**Patent Appeal Nos. 8505, 8506, and 8507.**

United States Court of Customs and Patent Appeals.

May 27, 1971.

Baldwin, J., concurred in the result.

Russell L. Law, Washington, D. C., attorney of record, for appellant. James E. Toomey, Paul E. Calrow, Oakland, Cal., Harold L. Jenkins, Washington, D. C., and John S. Rhoades, Oakland, Cal., of counsel.

S. Wm. Cockran, Washington, D. C., for the Commissioner of Patents. Joseph F. Nakamura, Washington, D. C., Edward E. Kubasiewicz, Alexandria, Va., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and SKELTON, Judge, United States Court of Claims, sitting by designation.

RICH, Judge.

These are three appeals from three separate decisions of the Patent Office Board of Appeals in three applications for design patents, serial numbers 1,948, 1,953, and 3,677, the first two filed April 20, 1966, and the last September 1, 1966. The cases have been briefed and argued together. The rejections are based on 35 U.S.C. § 103.

The basic design patent statute, 35 U. S.C. § 171, provides that

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

The article of manufacture in these cases is "a sheathing strip." The applications are all assigned to Kaiser Aluminum & Chemical Corporation, the em-

ployer of appellant Facer. The sheathing strips are, according to appellant's brief, the type of aluminum sheathing or siding applied to houses or light industrial buildings and the designs are intended to enhance their appearance. The design is in the nature of an embossed surface ornamentation and is substantially the same in each of the three cases, the difference being in the cross-sectional shapes of the siding members. The nature of the design is a simulated wood grain, extending horizontally of the sheathing strips, with simulated saw kerfs extending vertically. Thus the metal strip, which may have the general appearance of a clapboard, has a surface which looks like a rough-sawn or unplaned board. When painted, it would be almost indistinguishable from wood siding except on the closest inspection.

■ There is no question before us as to novelty, originality, or ornamentality. The sole issue is the obviousness of the designs in view of prior art references under section 103. Considering the close similarity of the designs and the fact that almost the same references are applied, the three cases present the same question.

The obviousness rejections are based on the following primary references cited to show the *shapes* of the sheathing strips, unornamented, involved in the three applications:

Sweet's Architectural Catalog File, Vol. 4, Section 8b/AK, 1965, page 3, Alcoa Double Four-inch Horizontal Siding

U. S. Patent 3,159,943 to B. L. Sugar et al., Dec. 8, 1964

The principal secondary reference, known herein as the "Masonite" reference, is

Sweet's Architectural Catalog File, Vol. 4, Section 8d/Ma, page 4.

It shows Masonite's "Ruf-X-ninety" siding which is described in words as having "a distinctive textured pattern, much like rough-sawn siding." The illustration shows a close-up of the siding

applied to an exterior wall and it has, like appellant's siding, the general appearance of wood grain extending horizontally with saw kerfs extending vertically across the face of each clapboard. This is "in candor" admitted in appellant's brief.

Appellant asks us to apply the "ordinary intelligent man" test of our opinion in In re Laverne, 356 F.2d 1003, 53 CCPA 1158 (1966). Doing so, we are in full agreement with the board on the obviousness question since it appears to us that such a man would, on observation of the Masonite design, find it practically indistinguishable from appellant's designs.

■ Appellant has argued below and here that there is a distinction in the fact that in Masonite the design is not carried around the edge of the sheathing element whereas in his designs the ornamentation is on the entire surface of the metal including that portion which is bent at a right angle to the face to simulate the edge of a board. We find this *de minimis*. Appellant also argues that the Masonite reference is in a non-analogous art "in the eyes of the ordinary intelligent man." We disagree. We think he would regard hardboard (Masonite) sheathing and aluminum or other sheet-metal sheathing to be in the same art, assuming it is the ordinary intelligent man who determines when arts are legally "analogous," which is not the case. This is a question for the court. We find the arts analogous.

The board said in its opinion in each of the three cases:

We see nothing unobvious in applying to a plain-finished prior art metal sheathing form [or the form of Sugar et al.] a well known pattern of surface ornamentation in simulation of rough-sawn board siding, as was done in the Masonite reference.

We agree and *affirm* the decisions of the board in all three cases.

Affirmed.

BALDWIN, J., concurs in the result.